FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 DEC -3 PM 3:51

U.S. DISTRICT COURT
N.D. OF ALABAMA

BRENDA MILLINGS, }
}
    Plaintiff, }
}
    vs. }  CIVIL ACTION NO.
}
}  CV-96-AR-1294-S
BOARD OF TRUSTEES OF THE }
UNIVERSITY OF ALABAMA AT }
BIRMINGHAM, }
}
    Defendant.

ENTERED
DEC 3 1997

### MEMORANDUM OPINION

    The court has before it the motion of defendant, the Board of Trustees of the University of Alabama at Birmingham ("UAB"), for summary judgment in the above-styled cause. Plaintiff, Brenda Millings ("Millings") alleges that UAB discriminated against her on the basis of her race with respect to "job assignments, wages and salary, promotions and other terms, conditions and privileges of [her] employment." (Complt. at ¶ 9). Millings claims that UAB's conduct violates the Civil Rights Act of 1964, *as amended* by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Civil Right Act of 1866, 42 U.S.C. § 1981 ("§ 1981").

    UAB argues that Millings cannot bring a § 1981 claim against it. This argument is well taken. UAB is a part of the larger University of Alabama system. The University of Alabama system

is a state corporate entity.  See <u>Hutchinson v. Board of Trustees of the University of Alabama</u>, 288 Ala. 20, 256 So.2d 281 (1971) (explaining that board of trustees of University of Alabama is part of State of Alabama).  The Eleventh Amendment to the federal constitution prohibits civil suits against a state, state agencies, or state instrumentalities.  <u>Toney v. State of Alabama</u>, 784 F. Supp. 1542, 1544 (M.D.Ala. 1992).  Consequently, as a part of a state corporate entity, UAB is immune from prosecution under § 1981.  Cf. id. at 1545 (concluding that Eleventh Amendment barred suit brought against local division of Alabama department of corrections under § 1981).  Therefore, UAB is due to receive summary judgment with respect to Millings's § 1981 claim.

The court will enter a separate and appropriate order in accordance with this memorandum opinion.

DONE this 3rd day of December, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

2